# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WARREN PROPERTIES INC., )<br>d/b/a WARREN HOUSE APTS., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLES SAYLER, )<br>)<br>Defendant. )<br>_____) | Case No. 11-4062-JAR |

## MEMORANDUM AND ORDER

This case was originally filed by plaintiff Warren Properties, Inc. ("Warren") in Shawnee County, Kansas District Court and was removed by defendant Charles Sayler on June 24, 2011 (Doc. 1). The Court has reviewed defendant's notice of removal and finds no basis for federal removal jurisdiction. As explained more fully below, this case is remanded to the Shawnee County District Court.

On June 22, 2011, plaintiff filed a Limited Action Petition in Shawnee County District Court against defendant, alleging violations of the Kansas Residential Landlord and Tenant Act. The Petition alleges that plaintiff manages a rental property located in Topeka, Kansas and that defendant is a resident of Shawnee County, Kansas. The Petition seeks to cancel the tenancy between the parties and immediately return possession of the premises to plaintiff. It does not specify an amount of damages sought.

Among the bases cited in the Petition for cancelling the tenancy is that defendant allowed "multiple feral cats to exist within the property without the consent of management," and that he created "multiple 'nests' to attract feral cats to the Warren House property." The Petition further

alleges that defendant failed to keep the property clean and safe by allowing animal waste to exist on the floor and fixtures of his apartment, and that management believes defendant houses unvaccinated pets within the apartment.

Defendant filed a pro se Notice of Removal on June 24, 2011. In the Notice of Removal, defendant contends that the Court has federal question jurisdiction and diversity jurisdiction in this case.

The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[1] As the party invoking the federal court's jurisdiction, defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are present.[2] Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[3] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[4] "Doubtful cases must be resolved in favor of remand."[5]

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original

---

[1] 28 U.S.C. § 1447(c).

[2] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted), *aff'd*, 546 U.S. 132 (2005).

[3] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[4] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[5] *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995) (further citations omitted)).

jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[6]

Defendant first contends that this case presents a federal question, arguing that Warren violates The Americans With Disabilities Act ("ADA") by failing to reasonably accommodate his disability by allowing his assist-cats to live with him. In order to determine whether a claim "arises under" federal law, the Court refers to the "well-pleaded complaint rule."[7] That rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[8] Here, the Petition relies exclusively on State law. Removal is not appropriate on the basis of a federal defense.[9] Because any ADA claim at issue in this case would be presented in the form of a federal defense or counterclaim, the Court lacks removal jurisdiction on the basis of a federal question.

Defendant next contends that there exists diversity jurisdiction because Warren is a California corporation and defendant is a resident of Tennessee. Assuming defendant's allegations of citizenship to be true, he must also establish that the amount in controversy exceeds the jurisdictional minimum of $75,000. The Court looks to the state court complaint,

---

[6]28 U.S.C. § 1367.

[7]*See Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).

[8]*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

[9]*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987); *Felix v. Lucent Techs, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)), *cert. denied*, 545 U.S. 1149 (2005).

but if it "does not identify a specific amount that the plaintiff seeks to recover, the burden is on a defendant seeking removal to demonstrate that this jurisdictional prerequisite is satisfied by 'affirmatively establishing' in the petition that the amount in controversy exceeds the statutory requirement."[10]

The Petition does not identify a specific amount of damages sought in this matter. Defendant alleges in his notice of removal: "I am not totally clear as to the amount sought by the Plaintiff: If they continue to maintain that litterbox odor trumps a decaying body, the renovation damages to the building could easily amount to $100,000." But there is no factual basis in the Petition or the Notice of Removal for "renovation damages." The Petition is a limited action petition, brought pursuant to Chapter 61 of the Kansas Statutes Annotated. It seeks only to cancel the tenancy and return possession to plaintiff. Under Chapter 61, a "small claim" may be brought for recovery of money or personal property, where the value does not exceed $4000. By definition, plaintiff's claim may not exceed this amount since it was brought pursuant to Chapter 61. As such, defendant's contention that the amount in controversy in this matter exceeds $75,000 is without merit. Because defendant is unable to affirmatively establish that the amount in controversy in this matter exceeds $75,000, there is no basis for diversity jurisdiction.

Because jurisdiction does not affirmatively appear in the record, **the Court remands this case to the Shawnee County District Court**.

**IT IS SO ORDERED**.

Dated: <u>June 28, 2011</u>

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[10] *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).